Filed 8/17/23  Baron v. Baron CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| SANDRA BARON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD BARON,<br><br>    Defendant and Appellant. | 2d Civ. No. B323127<br>(Super. Ct. No. SD036684)<br>(Ventura County) |

Richard Baron appeals a post-judgment order granting Sandra Baron's request to sell a ranch property they acquired during their marriage.  He contends the order violates the terms of a marital settlement agreement incorporated into their interlocutory judgment of dissolution.  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Richard and Sandra[1] divorced in 2011 after 28 years of marriage.  The judgment of dissolution (judgment) incorporated a

---

[1] We use the first names of the parties for clarity, intending no disrespect.

"Partial Marital Settlement Agreement" dividing their assets and liabilities (settlement). This included a 46-acre ranch on Stockton Road in Moorpark, California. The settlement required Sandra to transfer her interest in the ranch to Richard. In exchange, Richard agreed to refinance the $1.4 million mortgage and to "remove [Sandra] as a borrower as soon as he possibly can." Sandra recorded an interspousal transfer deed granting "[a]ll of her right, title and interest" in the ranch to Richard shortly after signing the settlement.

The parties returned to court in 2017 when Sandra requested an order enforcing the settlement's refinancing provision. Richard acknowledged he had not yet removed her as a borrower. The court continued the matter several times as Richard applied to assume their current mortgage, and, later, sought to refinance with other lenders. His low credit scores and high debt-to-income ratio made him a poor candidate for a loan. He also discovered most banks would not accept residential loan applications for the ranch because he used part of it for commercial growing operations. The outbreak of COVID-19 in 2020 slowed progress further. Sandra remained on the mortgage in the meantime.

Sandra requested an order in February of 2022 compelling Richard to sell the ranch. Sandra argued it was not fair for her to carry a large debt on a property she had "no rights or interest in." She also feared becoming entangled in probate litigation if Richard predeceased her. Richard insisted he was working diligently to obtain commercial financing with a local credit union and requested more time to complete the process. He opposed selling the ranch because it would leave him without income.

The trial court granted Sandra's request and appointed a receiver to oversee the sale (sale order). It concluded: "[T]he Court accepts that, perhaps, it may, in fact, be true that

2

[Richard] can't refi.  Then it's time to sell, willingly or unwillingly.  That is the only path out of this situation."  Richard retained the right to keep the ranch if he removed Sandra from the mortgage before it sold.

DISCUSSION

Richard contends the trial court lacked authority to issue the sale order because the judgment and settlement contain no language permitting this remedy.  (See *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 470-471 ["If a property settlement is incorporated in the divorce decree, the settlement is merged with the decree and becomes the final judicial determination of the property rights of the parties"].)  He interprets the settlement's phrase "as soon as he possibly can" as meaning he must only "try" to refinance and remove Sandra from the mortgage.  The sale order, Richard argues, violated the settlement's requirement that the parties consent in writing to any modification.  We review the sale order independently because the trial court based its decision on the terms of the settlement.  (See *In re Marriage of Schu* (2014) 231 Cal.App.4th 394, 399 ["A marital settlement agreement . . . incorporated into a stipulated judgment [is interpreted] under the general rules governing the interpretation of contracts"].)  We review the order appointing a receiver for abuse of discretion. (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744.)

The issue is whether  the settlement authorized the trial court to order the ranch sold because Richard, despite his best efforts, could not remove Sandra from the mortgage eleven years after entry of judgment?  We conclude it did.  The settlement's aim was "to make a final and complete settlement of all rights and obligations between [the parties]" and to resolve "all other issues incidental to an action for dissolution of marriage." Richard and Sandra agreed to divide their property "so that the

3

aggregate net fair market value of the community and co-owned property received by each is approximately equal, considering the division of any community or joint liabilities, *the assumption of indebtedness*, payment of the equalizing payment, and the waiver of any rights to reimbursement." (Italics added.) They also agreed the trial court would retain jurisdiction "to supervise . . . the overall enforcement" of their settlement.[2]

Richard's restrictive view of the trial court's enforcement powers is not consistent with these provisions. Compelling Sandra to remain indefinitely as a co-borrower on a property owned by her ex-husband would run counter to the settlement's fundamental goal: effectuating a fair, final, and complete disposition of their assets and liabilities. Ordering Richard to convert a physical asset (real property) into a liquid asset (cash) under the auspices of a court-appointed receiver achieves this goal. We decline to treat Richard's obligation to extinguish Sandra's liability differently than an obligation to transfer marital property, or to make an equalization payment.

The sale order would have been permitted even had the settlement not preserved the court's enforcement authority. "A judgment or order made or entered pursuant to this code may be

---

[2] The settlement's enforcement provision states in its entirety: "Retention of Jurisdiction. In the Judgment anticipated by this Settlement Agreement, the Superior Court shall retain, in addition to the jurisdiction specifically mentioned elsewhere in this Settlement Agreement, the jurisdiction to supervise the payment of any obligation to be paid by the terms of this Settlement Agreement, the execution of any documents required or reasonably necessary to carry out the terms of any documents required or reasonably necessary to carry out the terms of this Settlement Agreement and the overall enforcement of this Settlement Agreement."

enforced by the court by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary." (Fam. Code, § 290.) "To the extent that a judgment of dissolution is not self-executing in respect of any division of property therein ordered, the court retains jurisdiction to make such further orders as are appropriate to compel obedience to its judgment." (*Bonner v. Superior Court* (1976) 63 Cal.App.3d 156, 165].)

The open-ended nature of Richard's obligation to remove Sandra from the mortgage did not divest the court of its power "to make such further orders" it determined necessary to enforce their settlement. The sale order falls within its authority to accomplish an "approximately equal" division of marital assets and liabilities. The appointing of a receiver furthers this end by ensuring the transaction proceeds promptly and fairly.

## CONCLUSION

Judgment is affirmed. Sandra shall recover her costs.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P.J.

YEGAN, J.

Michael S. Lief, Judge
Superior Court County of Ventura

_____


Jeffrey L. Hoffer, for Defendant and Appellant Richard Baron.

Edwin S. Clark, for Plaintiff and Respondent Sandra Baron.